UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF DETROIT, a Michigan Municipal
Corporation,

    Plaintiff,

v.                                                  Case No. 16-13438

CITIMORTGAGE, INC.,

    Defendant.
                                               /

**OPINION AND ORDER DENYING DISMISSAL**

Pending before the court is Defendant's "Motion to Dismiss Plaintiff's Complaint." (Dkt. #3.) Defendant CitiMortgage, Inc., removed this case from Wayne County Circuit Court, (Dkt. #1), and has not filed an Answer. Plaintiff City of Detroit has filed a response to the motion, (Dkt. #5), and Defendant has filed a reply, (Dkt. #6). The court also issued an order for Defendant to show cause for why the case should not be remanded to state court for lack of subject matter jurisdiction, (Dkt. #8), and Defendant has filed a response, (Dkt. #10). After reviewing the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will not remand to state court and will not dismiss Plaintiff's Complaint.

**I. BACKGROUND**

Plaintiff filed a collection action in Wayne County court to recover what it alleges are delinquent property taxes owed for the years 2010, 2011, and 2012 across ten separate properties. Its complaint alleges that Defendant's name appears either on

property tax bills or somewhere within the chain of title for each property, which allowed it to assess related property taxes against the Defendant. The properties were then allegedly sold at foreclosure in 2013 for a price below the outstanding tax debt, so Plaintiff now seeks to collect from Defendant the remaining debt of $67,154.01, plus interest, penalties, and administrative fees. Within its brief, but not in its complaint, Plaintiff alleges that Defendant ignored mailed notices that taxes were due for several years before the foreclosure.

Defendant argues that Plaintiff's claims are deficient because it has not adequately alleged that the property tax assessments were lawful. Plaintiff has not claimed that Defendant actually owned an interest in the property during the relevant years, which Defendant argues is prerequisite to a valid assessment comporting with due process. Plaintiff responds that to the extent that these arguments have merit, they were waived when Defendant failed to appear and lodge them before the Michigan Tax Tribunal, which enjoys exclusive jurisdiction over such questions. It argues further that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, prohibits this court from enjoining, suspending, or restraining the collection of these state taxes. In reply, Defendant argues that it could not have waived any argument before the Michigan Tax Tribunal because it lacked a sufficient property interest to have standing to challenge an assessment in that forum, that the collection of an unlawfully assessed tax is contrary to the statutory scheme, and that the TIA does not apply in collection actions such as this.

The court has also raised the issue of subject matter jurisdiction. It is immaterial that Plaintiff has not challenged the subject matter jurisdiction of this court. "Not only may a court raise subject-matter jurisdiction *sua sponte*, it must." *CMS North America,*

*Inc., v. De Lorenzo marble & Tile, Inc.*, 521 F.Supp.2d 619, 632 (W.D. Mich. 2007) (citing *Clarke v. Mindis Metals, Inc.*, No. 95-5517, 99 F.3d 1138, 1996 WL 616677, at *3 (6th Cir. 1996)). Defendant removed this case on the basis of diversity jurisdiction. The court will thus address the presence of diversity jurisdiction in this case.

## II. STANDARD

### A. Subject Matter Jurisdiction

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The U.S. District Court has jurisdiction over claims based on a federal question and claims with complete diversity of citizenship between parties. Title 28 U.S.C. § 1332 defines diversity jurisdiction. It provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1) (2006). Under 28 U.S.C. § 1332(a), therefore, the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.

## B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

However, to survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Additionally, on a motion to dismiss, a court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the

claims contained therein." *Erie County v. Morton Salt*, *Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Plaintiff is a municipal corporation in Michigan while Defendant is a New York corporation with a principal place of business in Missouri. (Dkt. #1, Pg. ID 2.) The requirement of complete diversity is therefore satisfied. Defendant's Notice of Removal alleges that the $75,000 amount in controversy requirement has been satisfied despite the fact that the underlying debt at issue is only $67,154.01, because it anticipates that Plaintiff will also seek administrative fees of 4% for each delinquent tax year as well as a statutory penalty interest rate of 18% per year. Plaintiff's state court complaint requests a judgment in the amount of the underlying tax debt "with interest, penalty, and administrative fees to accrue as allowed under State of Michigan Statutes and City of Detroit Charter provisions[.]" (Dkt. #1-2, Pg. ID 15). Generally, "[i]n an action involving a tax or assessment, the 'matter in controversy' is the tax for which the plaintiff is liable." *Detroit Edison Co. v. E. China Twp. Sch. Dist. No. 3*, 247 F. Supp. 296, 304 (E.D. Mich. 1965), *aff'd*, 378 F.2d 225 (6th Cir. 1967) (citation omitted).

However, the Sixth Circuit has since determined that "the statutory penalty . . . can be considered in determining whether the jurisdictional amount is met." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). After assessing case law which applied this principle to particular statutes, the court in *Torres. State Farm Mut. Auto. Ins. Co.*, drew a distinction between those cases where statutory penalties would be automatic–and therefore could be used to calculate the amount in

5

controversy–and those cases where "the Court must make an additional determination" for the penalties to be included. 478 F. Supp. 2d 924 (E.D. Mich. 2007). The statutes at issue do not require any additional determination from the court to impose the penalties and interest that Defendant relies upon. *See* Mich. Comp. Law § 211.78a(3); *see also* Mich. Comp. Law § 211.78g(3)(c).

Already the underlying amount is very near the threshold. It is clear that once these penalties and interest are included, the amount in controversy exceeds the jurisdictional minimum. Defendant supplied a convincing and specific calculation to this effect in its response to the order to show cause, which estimated the amount in controversy to be at least $82,263.66. (Dkt. #10, Pg. ID 84). Defendant has met its burden of showing that the jurisdictional minimum has been satisfied, and therefore the court has subject matter jurisdiction.

### B. Motion to Dismiss

Defendant argues that, as alleged in the complaint, the underlying property tax debt was not lawfully assessed to it because it was not actually the owner or occupier of the properties at the time the assessments were made. In support of its view, it suggests that the plain text of the statute is *expressio unius* with respect to those parties to whom property tax may be assessed :

> Real property shall be assessed . . . to the owner if known, and also to the occupant, if any . . . A trustee, guardian, executor, administrator, assignee or agent, having control or possession of real property, may be treated as the owner. The real property which belongs to a person deceased . . . may be assessed to his heirs or devisees jointly . . .

Mich. Comp. Law § 211.3. Defendant reasons that since this provision does not subject those holding financial interests or appearing somewhere on the chain of title to

6

assessments, any assessment against it must be unlawful and therefore unenforceable. The Supreme Court of Michigan has not always employed the canon of *expressio unius* where doing so would create conflicts with other provisions. *See, e.g., People v. Garrison*, 459 Mich. 362, 372 (2014) (declining to apply the rule where it "would allow the canon of *expressio unius* to overcome the plain meaning of [the statute.]"). Here, Plaintiff's reading would such create conflicts.

      Plaintiff suggests that the provision allowing the collection action, Mich. Comp. Law § 211.47(2), does not explicitly require that the assessments be lawfully made to be lawfully collected upon. It also states that "The tax roll shall be prima facie evidence of the debt sought to be recovered." *Id.* Defendant asks the court to read into the statute an additional element that the assessment be lawful for Mich. Comp. Law § 211.47(2) to apply. It appears to the court that this provision merely empowers Plaintiff to sue to collect the debt, with the validity of the debt; it further appears that the validity of the debt must be subject to opposing proof at trial. Defendant's reading would put the cart before the horse by requiring Plaintiff to establish the lawfulness of the assessment prior to being allowed to even file suit, despite language indicating that the mere presence of the name on the tax roll was prima facie evidence. Defendant proceeds along a line of reasoning similar to that outlined in Lewis Carroll's *What the Tortoise Said to Achilles* by conjuring up additional predicates that would prevent Plaintiff from ever succeeding on its claim. It may well have been precisely to avoid forcing Plaintiff to make such a factual showing which motivated the Legislature to include the language regarding the tax rolls. Thus, based upon the presentations offered at this point, the court will not adopt Defendant's proposed statutory construction.

Defendant argues further that such a reading raises due process concerns, because it was not afforded an opportunity to challenge the assessments against it. However, the Michigan Tax Tribunal–and its constituent Board of Review–has "exclusive and original jurisdiction" over just such questions, Mich. Comp. Law § 205.731, and it is empowered to reverse the taxing agency's determination, Mich. Comp. Law § 205.732. Despite receiving notice of the taxes assessed against it, Defendant never sought review, potentially forfeiting its opportunity to make these arguments. Instead, Defendant now asserts that such efforts would have been futile, as it lacks standing to challenge an assessment before the agency as a holder of a mere financial rather than ownership interest in the property.

Perhaps the tribunal would have denied Defendant's petition for a review of the assessments, but this court cannot speculate to that end, and certainly it cannot resolve that question in Defendant's favor on a motion to dismiss. What is undisputed is that Defendant declined to even present its arguments to the tribunal. Plaintiff's citation to *Spartan Stores, Inc. v. City of Grand Rapids*, is unavailing. There, the court determined that an entity which held a property interest, but not its parent company, was a "party in interest" for the purposes of a statutory provision which allowed them to bypass the board of review and protest a tax assessment directly before the Michigan Tax Tribunal. *Spartan Stores, Inc. v. City of Grand Rapids*, 307 Mich. App. 565, 576-578 (2015). Applied to Defendant, this holding merely indicates that it would not have been able to challenge the assessments directly to the tribunal; it does not mean that Defendant would have been prohibited from following the normal channels and first challenging the

8

assessments before the tax board. Accordingly, no due process issues arise and the court will not dismiss the claims against Defendant.

Finally, the court is not convinced that the TIA would bar this court from disposing of the case. The TIA restrains a district court's ability to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. By contrast, the instant case is a collection action filed by the City of Detroit to enforce a debt, which is not within the scope of the statute. The Supreme Court has made this distinction clear:

> [A] suit to collect taxes is surely not brought to restrain state action, and therefore does not fit the Act's description of suits barred from federal district court adjudication. The Act was modeled on state and federal provisions prohibiting anticipatory actions by taxpayers to stop the initiation of collection proceedings. These provisions were not designed to prevent taxpayers from defending government collection suits.

*Jefferson County, Ala. v. Acker*, 527 U.S. 423, 424 (1999). In light of this authority, Plaintiff's argument lacks merit. However, the court will still deny the motion to dismiss for the reasons discussed above.

## IV. CONCLUSION

IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. #3) is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2016

9

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 12, 2016, by electronic and/or ordinary mail.

                                             s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522